UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN JOSEPH DONALDSON,

    Petitioner,

v.                                                  Case No. 3:13cv414/LC/CJK

MICHAEL D. CREWS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition on the grounds that petitioner is not "in custody" on one of the convictions he challenges, and petitioner's entire petition is untimely. (Doc. 28). Respondent has provided relevant portions of the state court record. (Docs. 14, 28). Petitioner has not responded in opposition to the motion, although invited to do so. (*See* Doc. 30). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before

the court show that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On September 7, 2007, petitioner was found guilty by jury verdict of aggravated battery with a weapon (Count 1) and aggravated assault (Count 2), in Escambia County Circuit Court Case No. 06-CF-1553. (Doc. 14, Ex. A, pp. 69-70).[1] Petitioner was adjudicated guilty and sentenced on February 7, 2008, to 10 years imprisonment on Count 1 and a concurrent 5-year term of imprisonment on Count 2, with 691 days of jail credit. (Ex. B, pp. 190-212, 216-223). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on May 4, 2009, without a written opinion. *Donaldson v. State*, 7 So. 3d 537 (Fla. 1st DCA 2009) (Table) (copy at Ex. I). The mandate issued May 20, 2009. (Ex. I).

On July 26, 2010, petitioner signed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. J).[2] The state court struck the motion as facially insufficient on August 12, 2010, with leave "to file an amended motion within a reasonable time, while being mindful of the time limitations for filing a rule 3.850 motion." (Ex. K, pp. 1-2).

On January 22, 2011, petitioner filed a "Request for Document" in which he requested the clerk of court to "assess exact cost (including) U.S. Mail to transcribe (or) have transcribed the sentencing colloquy (court minutes) occur[r]ing in case No. 2006-CF-1553 before Honorable Judge Nobles) on February 7, 2008)". (Ex. L, p. 1) (all parentheses in original). The clerk responded by letter dated January 27, 2011,

---

[1] All references to exhibits are to those provided at Doc. 14, unless otherwise noted.

[2] Petitioner's motion did not identify the date petitioner submitted the motion to prison officials for mailing. The motion was dated July 26, 2010, and stamped "Filed" by the state court on July 29, 2010. (Ex. J).

advising petitioner that he must send his request to the court reporter's office. (*Id*., p. 3).

In an undated and unsigned letter filed with the state court on April 13, 2012, petitioner requested "the outcome of my 3.850 I had put in the court back in 2011 January, & do I still have time to put in another 3.850 & if so how long?" (Ex. L, p. 4). The trial judge responded by letter dated April 10, 2012 (filed April 13, 2012), advising petitioner that he filed a Rule 3.850 motion on July 29, 2010, which was stricken, that there was no record of petitioner's filing a motion in January, 2011, and that petitioner should review Rule 3.850 for guidance on his questions about filing a postconviction motion. (*Id*., p. 5).

On April 24, 2012, petitioner submitted another letter to the state court requesting a copy of the Rule 3.850 motion "struck [in] 2010, July 29, in order to finish my amendment." (Ex. L, p. 6). The trial judge's judicial assistant responded by letter on April 27, 2012, by providing petitioner a copy of his stricken Rule 3.850 motion. (*Id*., p. 7).

On August 29, 2012, petitioner submitted another letter to the state court requesting "a copy of every article that is pursuant to my case from police reports, to evidence reports, to psychological reports, to depositions, to trial transcripts, & everything else pertaining to 2006 CF 1553." (Ex. L, p. 8). The court construed petitioner's letter as a motion for free copies, and denied the motion by order entered September 5, 2012. (*Id*., pp. 10-11).

On January 9, 2013, petitioner submitted another letter to the state court, this time requesting "to find out the cheapest way I can receive my depositions of Ms. Loretta Cannon and Mr. Benny Huggins" and various other documents. (Ex. L, p.

12).  The trial judge responded by letter filed January 14, 2013, advising petitioner that "[a]ny questions about, and requests for, those documents must be directed to the clerk."  (*Id*., p. 14).  The court did, however, enclose a copy of the order striking petitioner's  motion for postconviction relief with leave to amend.  (*Id*.).

Six months later, on July 16, 2013, petitioner filed his federal habeas petition in this court.  (Doc. 1, p. 1).  On January 27, 2014, respondent moved to dismiss the petition insofar as it challenged petitioner's aggravated assault conviction, on the ground that petitioner was not "in custody" under that conviction for purposes of federal habeas jurisdiction.  (Doc. 14).  Respondent also moved to dismiss the entire petition as untimely and because all of petitioner's claims were procedurally defaulted.  (*Id*.).  While respondent's motion was pending, on February 27, 2014, petitioner filed another Rule 3.850 motion for postconviction relief in state court.  (Doc. 28, Ex. M, pp. 1-7).[3]  The undersigned denied respondent's motion to dismiss without prejudice to respondent's re-filing the motion with a supplemented record after the state court resolved petitioner's postconviction motion.  (Doc. 19).

On June 30, 2014, the state circuit court issued an order summarily denying petitioner's February 27, 2014 motion as untimely and without merit.  (Doc. 28, Ex. M, pp. 8-27).  The First DCA affirmed on November 26, 2014, per curiam and without a written opinion.  *Donaldson v. State*, 152 So. 3d 567 (Fla. 1st DCA 2014) (Table) (Case No. 1D14-3567) (copy at Doc. 28, Ex. P).  The mandate issued December 23, 2014.  (Doc. 28, Ex. P).

---

[3]The motion was provided to prison officials for mailing on February 27, 2014, and was stamped "Filed" by the state court clerk on March 3, 2014.  (Doc. 28, Ex. M, p. 1).

*Case No: 3:13cv414/LC/CJK*

Respondent filed a renewed motion to dismiss on January 2, 2015.  (Doc. 28). Respondent asserts the petition should be dismissed because (1) the court is without jurisdiction to review petitioner's conviction for aggravated assault (Count 2), because at the time petitioner filed his petition he was no longer in custody under the 5-year sentence for that conviction and (2) the entire petition is untimely.  (Doc. 28). Petitioner has not responded in opposition to dismissal.

## DISCUSSION

Subject Matter Jurisdiction Over Aggravated Assault Conviction

A federal district court may entertain a petition for habeas corpus relief filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States") (emphasis added).  This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).  To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam).  Although federal courts broadly construe the phrase "in custody," the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. *See Maleng*, 490 U.S. at 492.  In *Maleng*, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the

petition in filed." 490 U.S. at 491.

The record establishes that petitioner's sentence for aggravated assault was imposed on February 7, 2008. (Doc. 14, Ex. B, pp. 190-212, 216-223). Petitioner was sentenced to 5 years imprisonment concurrent with the 10-year sentence imposed on Count 1, with 691 days jail credit. (*Id*., p. 222). Respondent asserts, and petitioner does not dispute, that petitioner's 5-year sentence, served day-for-day minus the jail credit, would have expired in 2011, and that even without the jail credit petitioner's 5-year sentence would have expired no later than February of 2013. (Doc. 28, pp. 4-6). The record confirms respondent's calculation. Petitioner was no longer "in custody" under the aggravated assault conviction at the time he filed his petition on July 16, 2013. Accordingly, this court lacks jurisdiction to consider any challenge to that conviction. *See Stacey*, 854 F.2d at 402-03.

Timeliness of Petition

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on May 4, 2009. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244 on August 3, 2009, when the ninety-day period for seeking certiorari from the Supreme Court expired.[4] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir.

---

[4]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The federal habeas limitations period began running the following day, August 4, 2009, and expired one year later on August 4, 2010, in the absence of tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner allowed 356 days of the limitations period to lapse before filing his Rule 3.850 motion on July 26, 2010. At that time, petitioner had 9 days remaining on the federal limitations clock. Petitioner's Rule 3.850 motion was stricken on August 12, 2010, with leave to amend within a reasonable time. Petitioner waited until February 27, 2014, over 3½ years later, and then submitted another Rule 3.850 motion, arguing that it should be deemed a timely amendment. Petitioner asserted in support of his argument that he "originally amended 30 days after the court[']s order"; that his January 22, 2011 letter to the court "was a request for documents in search for a record of his amended 3.850 post conviction motion"; that after he

---

Petitioner's 90-day period expired on August 2, 2009, but because that was a Sunday, the deadline for filing a petition for a writ of certiorari rolled to Monday, August 3, 2009. *See San Martin v. McNeil*, 633 F.3d 1257 (11th Cir. 2011):

> Under Fed. R. Civ. P. 6(a)(1), "in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday.

*Id.* at 1266 (alterations in original).

learned (on April 13, 2012) that the court had not received his alleged amended Rule 3.850 motion, he corresponded with the court to obtain a copy of the stricken motion; and that despite having a copy of the stricken motion, he was "set . . . behind" in filing an amended motion due to not having copies of "all his court documents". (Doc. 28, Ex. M, pp. 3-4). Petitioner also argued that his Rule 3.850 proceeding remained pending during all that time, because the court had never issued a final order once the Rule 3.850 two-year time limitation expired without petitioner amending.

The state circuit court denied petitioner's motion as untimely and, alternatively, without merit as follows:

> On February 7, 2008, after having been tried by a jury and found guilty of aggravated battery with a deadly weapon and aggravated assault by threat, Defendant was sentenced to a total of ten years in prison. The First District Court of Appeal per curiam affirmed defendant's Judgment and Sentence by mandate issued May 20, 2009 (1D08-1034). Subsequently, Defendant filed his rule 3.850 motion on July 29, 2010, which was facially insufficient. The Court granted Defendant leave to file an amended motion pursuant to Spera v. State, 971 So. 2d 754 (Fla. 2007) "within a reasonable time, while being mindful of the time limitations for filing a rule 3.850 motion."
>
> In his more recent motion, Defendant claims that he never received the Court's order granting him leave to amend his original motion. Defendant further claims that because the Court has not issued a final order on his original motion, it is still pending, and the Court should accept his new motion as a timely amendment.
>
> First, the Court finds that the motion filed March 3, 2014 is untimely. Defendant's time to file an amended motion expired two years after his Judgment and sentence were final, which was in May, 2011. However, even if the Court were to accept Defendant's motion

>as a timely amended motion, Defendant would still not be entitled to relief.
>
>Defendant claims that counsel was ineffective for failing "to inform the defendant of the viable defenses of insanity and/or involuntary intoxication." Defendant concedes that counsel arranged for Defendant to undergo a psychological evaluation, reviewed the doctor's report, and researched the effects of a prescription drug that Defendant had been taking. Yet, Defendant claims that counsel was deficient for failing to "review the medical report" with him or discuss "the possible options of an insanity or involuntary intoxication defense."
>
>To prove that he was prejudiced by any inaction by counsel, Defendant would need to demonstrate that the defense of insanity or involuntary intoxication had merit. Defendant has failed to supply the requisite factual details to support his claim and therefore his motion is facially insufficient.

(Doc. 28, Ex. M, pp. 8-9) (footnotes citing to attached portions of state court record omitted). The First DCA summarily affirmed without discussion.

The question this court must decide is how long petitioner's Rule 3.850 proceeding was "pending" within the meaning of § 2244(d)(2): Does the word "pending" cover the time between the state circuit court's order striking petitioner's original Rule 3.850 motion with leave to amend and petitioner's filing his subsequent motion on February 27, 2014? Or did petitioner's Rule 3.850 proceeding cease to be pending at an earlier time due to petitioner's subsequent motion failing to comply with state timeliness rules? The court draws guidance from the Supreme Court's decision in *Carey v. Saffold*, 536 U.S. 214, 226, 122 S. Ct. 2134, 153 L.Ed.2d 260 (2002).

In *Saffold*, the Supreme Court addressed a state collateral review system that allowed a prisoner to seek further review of a lower court's decision by filing, within

"a reasonable" time, a state habeas petition in a higher state court. Mr. Saffold had filed his state habeas petition in the California Supreme Court 4½ months after the lower appellate court issued its decision denying Saffold's collateral review petition. The United States Supreme Court held that "an application [for state collateral review] is pending as long as the ordinary state collateral review process is "in continuance" – *i.e.*, until the completion of that process." *Saffold*, 536 U.S. at 219-220 (internal quotation marks omitted). The Court then addressed how to apply this definition of "pending" to a state collateral review system that involves an indeterminate timeliness rule such as a general "reasonableness" standard:

> It remains to ask whether Saffold delayed "unreasonably" in seeking California Supreme Court review. If so, his application would no longer have been "pending" during this period. . . .
>
> . . . .
>
> If the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was "unreasonable," that would be the end of the matter, regardless of whether it also addressed the merits of the claim. . . .

*Id.* at 225-226. The Court remanded the case to the Ninth Circuit to determine whether the California Supreme Court had ruled that Saffold's delay was "unreasonable." *Id.* at 226.

Here, the state court required petitioner to amend his Rule 3.850 motion "within a reasonable time, while being mindful of the time limitations for filing a rule 3.850 motion." (Doc. 14, Ex. K, pp. 1-2). When petitioner submitted his proposed amendment 3½ years later, the state court determined that by "reasonable," it meant petitioner was required to file an amended Rule 3.850 motion before the two-year

time limitation in Fla. R. Crim. P. 3.850(b) expired in May of 2011; that petitioner's delay in filing an amended motion was unreasonable; and that petitioner's February 27, 2014 motion was untimely. The state court's ruling is unambiguous and is the end of this court's inquiry. This court must defer to the state court's determinations and procedural rulings. *Saffold*, 536 U.S. at 226; *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (*quoting Saffold*, 536 U.S. at 226); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims.").

Applying *Saffold*, petitioner's Rule 3.850 proceeding was not "pending" under § 2244(d)(2) during the period petitioner unreasonably delayed filing an amended motion. *Id.*, 536 U.S. at 225 (holding that where a prisoner is given a "reasonable" time to act and the prisoner delays "unreasonably" in doing so, "his application would no longer have been 'pending' during this period."); *cf. Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) ("The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, <u>provided that the filing</u> of the notice of appeal <u>is timely under state law</u>.") (emphasis added).

Giving petitioner the benefit of assuming (as the state court appeared to decide) that petitioner's delay became "unreasonable" only after the Rule 3.850(b) time

limitation expired in May of 2011 (some 9 months after the court struck petitioner's original motion on August 12, 2010), petitioner's Rule 3.850 proceeding ceased to be "pending" for purposes of § 2244(d)(2), on May 20, 2011.[5] Once petitioner's Rule 3.850 proceeding ceased to be "pending" under § 2244(d)(2), petitioner had <u>9 days</u> to file his federal habeas petition. Petitioner waited <u>over 2 years</u> after abandoning his Rule 3.850 proceeding to file his § 2254 petition on July 16, 2013. During that time, petitioner had no properly filed applications for state postconviction or other collateral review pending. Petitioner's federal habeas petition is untimely.

Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d at 1268 (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations,

---

[5] *See Beaty v. State*, 701 So. 2d 856 (Fla. 1997) (holding that the two-year period to file a Rule 3.850 motion begins to run upon the issuance of the state appellate court's mandate on direct appeal). The First DCA issued its mandate on petitioner's direct appeal in May 20, 2009.

*San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted); *see Smith v. Comm'r, Ala. Dep't of Corr.*, 730 F.3d 1266, 1271 (11th Cir. 2012) (acknowledging that petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts" (internal quotation marks omitted)). Decisions regarding equitable tolling "must be made 'on a case-by-case basis' in light of 'specific circumstances, often hard to predict in advance,' although [courts] 'can and do draw upon decisions made in other similar cases for guidance.'" *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) (*quoting Holland*, 560 U.S. at 649).

Petitioner offered no counter to respondent's motion to dismiss. On the petition form, petitioner addressed the timeliness of his petition by explaining: "This is a denial of effective assistance of counsel claim on initial collateral review. Accord Martinez v. Ryan." (Doc. 1, p. 14). Petitioner's citation to *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) provides no basis to overcome the statute of limitations bar, because the Eleventh Circuit has expressly held that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

Petitioner presents no other argument in support of equitable tolling. The court has considered the arguments petitioner raised in his untimely Rule 3.850 motion, but those allegations do not establish that "extraordinary circumstances" prevented

petitioner from timely filing his federal habeas petition, or that petitioner exercised reasonable diligence in pursuing his rights.

## CONCLUSION

Petitioner's federal habeas petition is untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.  Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's renewed motion to dismiss (doc. 28) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Steven Joseph Donaldson* in the Circuit Court for Escambia County, Florida, Case No. 06-CF-1553, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 6th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).